UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

Vicki Piontek                          :
951 Allentown Road                     :
Lansdale, Pa  19446,                   :
            Plaintiff  :
                       :    10-cv-2252
   v.                                  :
                       :
Central Credit Services                :
70 Charleston Square                   :
Saint Charles Missouri 63304,          :
a/k/a                                  :
Central Credit Services, Inc.          :
9550 Regency Square Blvd # 602         :
Jacksonville, FL 32225-8170,           :
                       :
John Does 1-10                         :
                       :
and                                    :
                       :
XYZ Corporation,                       :
            Defendants :

## COMPLAINT

### INTRODUCTION

1. This is a lawsuit for damages brought by an individual consumer for Defendant(s)' alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA").

## JURISDICTION AND VENUE

2. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint

3. Defendant(s) regularly transact(s) business throughout the Commonwealth of Pennsylvania, and in this Federal District.

4. Defendant obtains the benefit(s) of regularly transacting business in this Federal District.

5. It is believed and averred that a portion of the conduct complained of occurred in this Federal District.

## PARTIES

6. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

7. Plaintiff is Vicki Piontek, an adult individual with an address including but not limited to, 951 Allentown Road, Lansdale, Pennsylvania.

8. Defendants are the following individuals and business entities.

    a. Central Credit Services, 70 Charleston Square, Saint Charles Missouri 63304 also known as Central Credit Services, Inc., 9550 Regency Square Blvd # 602 Jacksonville, FL 32225-8170.

    b. John Does 1-10, individuals or business entities whose identities are not know to Plaintiff at this time, but which will become known upon proper discovery. It is believed and averred that such Does played a substantial role in the commission of the acts described in this complaint.

  c. X,Y,Z Corporations, business identities whose identities are not know to Plaintiff at this time, but which will become known upon proper discovery.  It is believed and averred that such entities played a substantial role in the commission of the acts described in this complaint.

COUNT ONE: Violation of Fair Debt Collection Practices Act
15 USC 1692 et. seq.

9. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

10. At all relevant times mentioned in this Complaint, Plaintiff was a consumer debtor as defined by the Fair Debt Collections Practices Act (FDCPA), 15 USC 1692 et. Seq.

11. At all relevant times in this Complaint, Defendant(s) was / were acting as a debt collector(s) as defined by the FDCPA, 15 USC 1692 et. seq.

12. At all times mentioned herein, Defendant(s) was / were attempting to collect on an alleged consumer debt against Plaintiff.

13. Within the applicable statute of limitations prior to the commencement of this action, Defendant and Plaintiff engaged in a telephone conversation about a particular account.

14. During such telephone conversation, Defendant's agents, employee or representative made certain false and misleading statements of law and fact.

15. Defendant made false statements to Plaintiff implying that legal action was about to be commenced against Plaintiff.

16. Defendant made false statements to Plaintiff implying that Plaintiff's account had been reviewed by Defendant for purposes of commencing litigation against Plaintiff.

17. Within the applicable statute of limitations prior to the commencement of this action, Defendant(s) contacted Plaintiff by telephone and left one or more telephone messages which failed to meaningfully state the nature or purpose of the call.

18. Within the applicable statute of limitations prior to the commencement of this action, Defendant(s) contacted Plaintiff by telephone and left one or more telephone messages which failed to meaningfully state the identity of Defendant(s).

19. One or more of said messages read substantially as follows.

    "This message is for Vicki Piontek.  My name is Thomas [inaudible]. I am calling regarding an important matter that does need your attention. This is not a solicitation Vicki and you can certainly reach me directly at 800-207-4085. Please Ma'am do refer to your file number 5268765. Before returning my call and before you're connected to me, you'll receive a pre-recorded disclosure for the purpose of the call. Thank you."

## LIABILITY

20. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

21. Defendant(s) is liable for the acts committed by its agents under the doctrine of respondeat superior because Defendant's agents were acting within the scope of their employment with Defendant.

22. In the alternative, Defendant(s) is liable for the conduct of its agents / employees under the theory of joint and several liability because Defendant and its agents / employees were engaged in a joint venture and were acting jointly and in concert.

23. Any mistake made by Defendant would have included a mistake of law.

24. Any mistake made by Defendant would not have been a reasonable or bona fide mistake.

## DAMAGES

25. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

26. At least $1.00 actual damages for Plaintiff, including but not limited to phone, fax, stationary, postage, etc.

27. $1,000.00 statutory damages Plaintiff pursuant to 15 USC 1692k.

28. Plaintiff suffered emotional distress, anger, frustration and confusion as a result of Defendant's illegal collection activity in an amount to be determined at trial.

29. For purposes of a default judgment, Plaintiff believes and avers that her anger, distress and confusion has a Dollar value of no less than $5,000.00.

Wherefore, Plaintiff demands judgment against Defendant(s) and an award of statutory damages, actual damages, reasonable attorney fees and costs.  Plaintiff seeks such additional relief as the Court deems just and proper.

ATTORNEY FOR PLAINTIFF

/s/ Robert J. Stoltz                                                                12/02/2010

---

Robert J. Stoltz         MOBAR #46097                            Date
825 S. Bishop Ave. (Physical only)
P.O. Box 1510 (Mailing)
Rolla, MO  65402
Telephone: (573) 364-3526
Fax:
Email: robertjstoltz@gmail.com